**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| DANNY R. MOORE, ) <br> ) <br> Movant, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) | Civil No. 14-0336-CV-W-FJG <br> Crim. No. 09-0188-07-CR-W-FJG |

## ORDER

Pending before the Court is Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. No. 1, filed on April 10, 2014).

On August 20, 2009, a superseding indictment was returned charging 14 individuals, including movant, for their involvement in a conspiracy to distribute illegal drugs. On February 18, 2011, following a jury trial, movant was found guilty of Count One of the superseding indictment, conspiracy to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846, and Count Nineteen the superseding indictment, using a communication facility to distribute cocaine, in violation of 21 U.S.C. §§ 843(b), (d), and 846. On July 14, 2011, movant was appointed new counsel to represent him at sentencing. On October 6, 2011, movant appeared before the district court for sentencing, and was sentenced to 175 months on Count and 48 months on Count Nineteen, to be served concurrently. Movant appealed, arguing the evidence was insufficient to support his conviction, the court erred in not granting a mistrial based on impeachment material that was not turned over timely to defense, and the court improperly limited the cross examination of witness Mark King. The Eighth Circuit affirmed the district court. United States v. Dunn, 723 F.3d 919 (8th Cir. 2013). Movant also filed a *pro se* motion for new trial, and after receiving the government's response, this Court denied the motion for new trial. Movant appealed

denial, and the Eighth Circuit summarily affirmed.

Movant asserts three grounds for relief: (1) ineffectiveness of trial counsel in failing to appeal movant's career offender status in the PSR; (2) the government withheld information that could have been used to impeach government witnesses; and (3) ineffectiveness of trial counsel in failing to object to an exhibit, the plea agreement of Joel Guevara, which was admitted as Exhibit 140 during the trial.

**STANDARD**

To establish a claim for relief based upon ineffective assistance of counsel, movant must show that counsel failed to exercise the skill and diligence that a reasonably competent attorney would have exercised under similar circumstances. Thomas v. Lockhart, 738 F.2d 304, 307 (8th Cir. 1984). There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland v. Washington, 466 U.S. 668, 689 (1984). Movant must also demonstrate that he was prejudiced by the alleged incompetence of counsel by showing the existence of a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

**JUDGMENT**

The Court has reviewed movant's motion (Doc. No. 1), respondent's opposition (Doc. No. 5), movant's reply (Doc. No. 9), and the record in the underlying criminal and finds that movant's allegations are without merit for the reasons stated in respondent's opposition. In particular, the Court finds defense counsel was not ineffective for failing to appeal his career offender status, as at the time of sentencing, movant's argument was foreclosed by Eighth Circuit law, and under Eighth Circuit precedent it is not ineffective assistance of counsel to fail to anticipate a change in

existing law (see Toledo v. United States, 581 F.3d 678, 681 (8th Cir. 2009); Horne v. Trickey, 895 F.2d 497, 500 (8th Cir. 1990); Parker v. Bowersox, 188 F.3d 923, 929 (8th 1999)). Additionally, at sentencing the Court varied downward, imposing a sentence that would have been at the top of the Sentencing Guidelines range absent the career offender provisions,[1] and this Court finds that given that downward variance, movant is unable to demonstrate prejudice.

With respect to the government's purported failure to disclose evidence which could have been used to impeach witnesses, the government notes that the information relates to a confidential source informing authorities that Terrance Harris and witness Corredor had spoken openly about wanting to have an individual known as "40 CAL" killed in connection with a drug debt or a previous killing. As noted by the government, that same information appears in the PSR for cooperating defendant Corredor, which was finalized prior to movant's trial. Given that the PSR was written by a United States Probation officer based on reports contained in the discovery file, the same information must have been available to defense counsel prior to trial. Furthermore, movant has demonstrated no prejudice, as the district court previously found Corredor "was impeached in so many different ways [by defense counsel] that it's trivial to think that this one additional piece of information was somehow the linchpin." Doc. No. 676, Tr. at 735. Finally, with respect to the allegation that defense counsel was ineffective for failing to object to the plea agreement of Joel Guevara, defense counsel cross-

---

[1] At sentencing, Judge Laughrey indicated: "I have reduced your sentence, I have not treated you purely as a career offender. . . . So, for me, a career offender is the kind of person that we just throw away the keys and say there's nothing that ever can be done with this person, and we just have to keep them in jail for the rest of their lives. So you didn't seem to fit directly into that, particularly given the nature of the triggers, and the sentences that were imposed for those triggers. So I didn't treat you as a career offender. . . . So I basically sentenced you, taking all of those, you know, factors into account and sentenced you at the top end of the guideline for the amount of drugs and your criminal history, without enhancing it for you being a career offender." Sentencing Tr. at 12-13.

3

Joel Guevara at trial and specifically asked about the information contained in the plea agreement about 47 kilograms of cocaine being delivered to movant's residence. Tr. 760. Witness Guevara testified that he told his attorney that the information contained the factual basis of the plea agreement was incorrect (that the cocaine was delivered to Roy Murray's house instead), but that when he signed the plea agreement, he didn't attention to that part. Tr. 761. The government argues, and this Court agrees, that counsel appears to have made a strategic choice to utilize the plea agreement and Guevara's testimony to impeach the testimony of another government witness and create an issue of fact for the jury, and such strategic decisions cannot be the basis an ineffective assistance of counsel claim. Furthermore, movant does not argue that he would have been acquitted but for the admission of this exhibit.

Therefore, movant's amended motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1), filed April 10, 2014, is **DENIED**.

No evidentiary hearing will be held in this matter because the issues raised are resolvable by the record. Furthermore, movant will be denied a motion for certificate of appealability, in that the issues raised are not debatable among reasonable jurists, nor could a court resolve the issues differently.

**IT IS SO ORDERED.**

Date: August 18, 2014　　　　　　　　　　　**S/ FERNANDO J. GAITAN**, **JR.**
Kansas City, Missouri　　　　　　　　　　　Fernando J. Gaitan, Jr.
　　　　　　　　　　　　　　　　　　　　United States District Judge